_____



**SO ORDERED,**

*/s/ Jamie A. Wilson*

**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: April 27, 2025

The Order of the Court is set forth below. The docket reflects the date entered.
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: | ) |
| | ) |
| MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C. | ) Case No. 23-00962-JAW |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

### AGREED ORDER RESOLVING LIQUIDATION TRUSTEE'S OBJECTIONS TO MCKESSON CORPORATION'S PROOFS OF CLAIM AND APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

This matter came before the Court on the agreed resolution between Greta M. Brouphy, as Liquidation Trustee of the MCAM Liquidation Trust (the "Trustee" and the "Trust," respectively) and McKesson Corporation ("McKesson") resolving the Trustee's: (i) *Trustee's Objection to Claim No. 14 Filed by McKesson Corp. for Itself and as Collection Agent for McKesson Specialty Care Distribution, LLC and Claim No. 15 Filed by McKesson Corporation for Itself and as Collection Agent for McKesson Plasma & Biologics, LLC* [Dkt #953] (the "Claim Objection"), thereby objecting to McKesson's Proof of Claim Nos. 14 and 15 in this case (collectively, the "Proofs of Claim"); and (ii) *Opposition to McKesson Corporation's Application for Allowance and Payment of Administrative Expense Claim* [Dkt. #985] (the

"Application Objection"), thereby objecting to the *McKesson Corporation's Application for Allowance and Payment of Administrative Expense Claim* [Dkt. 970] (the "Application").

The principal balances of McKesson's Proofs of Claim and the amounts sought in the Application have been satisfied. Pursuant to the Proofs of Claim and the Application, McKesson asserts its entitlement to post-petition interest and attorneys' fees as an oversecured creditor in this case. The Trustee disputes the amounts requested by McKesson. However, the Trustee and McKesson have conferred and agreed to resolve all matters related to the Proofs of Claim, the Claim Objection, the Application, and the Application Objection as set forth herein.

The Court, being advised that McKesson and the Trustee agree to the relief set forth below, finds that the agreement and relief afforded thereby should be approved as described below:

**IT IS THEREFORE ORDERED** that, within three business days of the entry of this Order, the Trustee shall pay McKesson on account of both the Proofs of Claim and the Application the total amount of $119,565.98, consisting of post-petition interest in the amount of $80,000.00 and attorneys' fees in the amount of $39,565.98.

**IT IS FURTHER ORDERED** that upon the date of entry of this Order (the "Effective Date"), excepting only the requirement of the Trustee to pay the Agreed Payment, McKesson fully and forever releases and discharges the Trustee and Trust, including their past and present officers, directors, partners, members, principals, employees, agents, servants, predecessors, predecessors-in-interest, successors, successors-in-interest, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, third-party administrators, and assigns, from any and all claims and liabilities, whether known or unknown, from the beginning of time through the Effective Date.

**IT IS FURTHER ORDERED** that upon the Effective Date, the Trustee, on behalf of herself and the Trust, fully and forever releases and discharges McKesson, its past and present officers, directors, partners, managers, members, principals, employees, independent contractors, agents, servants, predecessors, predecessors-in-interest, successors, successors-in-interest, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, third-party administrators, spouses and assigns from any and all claims and liabilities, whether known or unknown, fixed or contingent, from the beginning of time through the Effective Date.

**IT IS FURTHER ORDERED** that the Proofs of Claim are hereby deemed satisfied in full.

**IT IS FURTHER ORDERED** that the Application [Dkt. 970] is hereby deemed withdrawn.

##END OF ORDER##

Order submitted by:

 /s/ *Douglas C. Noble*
Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile:  (601) 510-2939
Email:   dnoble@mmqnlaw.com

Khaled Tarazi (admitted *pro hac vice*)
Buchalter
15279 North Scottsdale Road, Suite 400
Scottsdale, AZ  85254-2659
Telephone: 480.383.1800
Email:  ktarazi@buchalter.com

*Counsel for McKesson Corporation, on behalf of itself and certain corporate affiliates*

3

Agreed to by:

/s/ *Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073
Michael E. Landis, La. Bar No. 36542
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
ddraper@hellerdraper.com
mlandis@hellerdraper.com

*Counsel for Greta M. Brouphy*
*Liquidating Trustee for the MCAM*
*Liquidation Trust*

and

/s/ *Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr, MS Bar No. 103469
THE ROLLINS LAW FIRM
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5553
Facsimile: (601) 500-5296
Email: tc@therollinsfirm.com

*Local Counsel for Greta M. Brouphy*
*Liquidating Trustee for the MCAM*
*Liquidation Trust*