

**SO ORDERED,**

**Judge Jamie A. Wilson**
United States Bankruptcy Judge
Date Signed: May 22, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | **MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.** | **CHAPTER 11** |
| | **Debtor** | **CASE NO. 23-00962-JAW** |

### AGREED ORDER APPROVING FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES FOR BRUNINI, GRANTHAM, GROWER & HEWES, PLLC

THIS CAUSE having come on for consideration of the *First and Final Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Brunini, Grantham, Grower & Hewes, PLLC* [DK #964] (the "Application") filed herein by special counsel for Mississippi Center for Advanced Medicine, P.C. (the "Debtor"), and the *Objection* [DK #986] thereto filed by the Office of the United States Trustee (the "UST"), the Court being fully advised in the premises, hereby finds as follows, to-wit:

1. The Applicant represents to the Court that notice of the Application was filed in accordance with all applicable rules.

2. On April 21, 2023, the Debtor herein filed with this Court its original Voluntary Petition under Chapter 11 of the Bankruptcy Code.

3. An Amended Agreed Order [DK #238] authorizing the employment of Brunini, Grantham, Grower & Hewes, PLLC (the "Applicant") as special counsel for the Debtor was entered

on July 27, 2023.

4. The substantial services rendered to the Debtor and the expenses incurred by Applicant benefitted the estate. An Affidavit reflecting said legal services rendered and expenses incurred by said attorneys was attached to the Application as Exhibit "A" and is incorporated herein by reference. The Affidavit also certified and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that said services had actually been rendered. A detailed itemization of such services and expenses was attached to the Application as Exhibit "B" and is incorporated herein by reference.

5. The fees and expenses charged and incurred represent reasonable and necessary fees and expenses that were required to be extended by Applicant to the Debtor in all matters which are anticipated to arise in the functioning of litigation matters, case administration and to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of the counsel's obligations herein; and they represent normal and customary fees and expenses incurred and charged for representation of debtors in similar cases. The time, skill and experience utilized by counsel for the Debtor justify the approval of the Application.

6. This is the Applicant's first request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from March 9, 2023, to and including December 16, 2024, and is for the sum of $32,900.50 ($32,810.00 in fees and $90.50 in expenses).

7. The Objection of the UST is resolved by the agreement of the Applicant to reduce the total amount of requested fees and expenses to $14,412.62. The reduced amount reflects the agreement between the Applicant and the UST as follows:

    a. Applicant agrees to waive its claim for pre-petition fees in the amount of

$750.00;

b. Applicant and the UST agree that $8,500 of fees and expense were reasonable and necessary for the benefit of the Debtor's estate only and not for Debtor's co-defendants represented by Applicant in the separate civil litigation; and

c. Applicant and the UST agree that $23,650.50 in fees in the Application were fees earned by Applicant in the representation of the Debtor and its co-defendants in the separate civil litigation, of which 25% ($5,912.62) shall be paid by the estate.

8. Applicant is entitled to compensation for professional services rendered to the Debtor and reimbursement of expenses it has incurred on behalf of the Debtor pursuant to the provisions of 11 U.S.C. § 330. Therefore, the Application should be approved.

IT IS ACCORDINGLY, ORDERED:

A. Brunini, Grantham, Grower & Hewes, PLLC is hereby allowed compensation and reimbursement of expenses in the sum of $14,412.62, on a final basis.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

B. The sum approved and allowed by this Court as compensation and reimbursement for expenses is a priority administrative expense as set forth in 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and the Subchapter V Trustee and Operating/Liquidating Trustee is authorized and directed to immediately pay the approved fees and expenses.

## END OF ORDER ##

APPROVED AND AGREED:

*/s/ Craig M. Geno*

Craig M. Geno
Counsel for Mississippi Center for Advanced Medicine, P.C.


/s/ *James McCullough, II*   [WITH PERMISSION]
James McCullough, II
Counsel for Brunini, Grantham, Grower & Hewes, PLLC


/s/ *Christopher J. Steiskal, Sr.*   [WITH PERMISSION]
Christopher J. Steiskal, Sr.
Trial Attorney for the United States Trustee


SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
601 Renaissance Way
Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\MS Center for Advanced Medicine\Fee Apps\Brunini Grantham\1st & Final\Revised Agreed Order 5-20-25.wpd